IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GORDON, | : Civil No. 1:23-CV-02149 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| KYLE ROBBINS, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION

I. Introduction

Before the Court is a motion to dismiss Count IV of Plaintiff James Gordon ("Plaintiff")'s amended complaint, filed by Defendant BBL Fleet Company ("BBL Fleet"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 5.) For the reasons set forth below, the Court will grant the motion and dismiss Count IV of Plaintiff's amended complaint. However, the Court will grant Plaintiff leave to amend his pleading.

## II. Background

### A. Procedural Background

On November 8, 2023, Plaintiff, a citizen of Maryland, filed a complaint against Defendants BBL Fleet and Kyle Robbins ("Robbins"), citizens of Pennsylvania, in the Court of Common Pleas of York County, Pennsylvania (the "York County action"), as a result of a motor vehicle accident that took place on January 5, 2022, on Interstate 83 in York County, Pennsylvania. (Doc. 2-3 at 1–12.) Two days later, on November 10, 2023, Plaintiff filed an amended complaint in the York County action, adding Defendant CentiMark Corporation ("CentiMark"), a citizen of Pennsylvania, as a defendant. (Doc. 2-1.)

On December 27, 2023, based upon the diversity of citizenship of the parties, Defendant CentiMark filed a notice of removal (Doc. 1) and a corresponding declaration (Doc. 2), transferring the York County action to the United States District Court for the Middle District of Pennsylvania. As reflected by this Court's docket, all of the parties have been served with Defendant CentiMark's notice of removal, and none of the parties have challenged its removal to this Court. Further, the Court is satisfied that the requirements of diversity jurisdiction have been

met.[1]  Additionally, and as further reflected by this Court's docket, all parties have consented to proceed before a United States Magistrate Judge.  (Doc. 15 (assigning this action to the undersigned on May 28, 2024).)

Since removal of the action to this Court, Defendant BBL Fleet has filed a motion to dismiss Count IV of Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 5), along with a supporting brief (Doc. 8), and Defendants Robbins and CentiMark have filed answers with affirmative defenses to Plaintiff's amended complaint (Docs. 6, 14).  After receipt of those filings, the Court

---

[1] As explained by the United States Court of Appeals for the Third Circuit, "[m]ost rules of citizenship are well established[:]" "a natural person is deemed to be a citizen of the state where he is domiciled[;]" and "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (footnote, citation, and internal quotation marks omitted)). As set forth in Defendant CentiMark's notice of removal, Plaintiff is an adult individual who resides in Bel Air, Maryland; Defendant Robbins is an adult individual who resides in Etters, Pennsylvania; and Defendants CentiMark and BBL Fleet are businesses incorporated under the laws of the Commonwealth of Pennsylvania, with principal places of business in Pennsylvania.  (Doc. 1 ¶¶ 8–11). As such, Plaintiff is not a citizen of the same state as any Defendant. *See id.* (explaining that, for purposes of diversity jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant" (footnote, citation, and internal quotation marks omitted)).

held a telephonic conference with the parties to discuss case management deadlines that would govern this action going forward. *See* (Doc. 16). In connection with that telephonic conference, the Court issued an Order on June 18, 2024, setting forth a schedule of case management deadlines, including a close of fact discovery deadline of December 31, 2024, and a dispositive motions deadline of April 30, 2025. (Doc. 19.)

Thus, the only issue for resolution before the Court is Defendant BBL Fleet's motion to dismiss Count IV of Plaintiff's amended complaint. (Doc. 5.) That motion, which has been briefed by the parties (Docs. 8, 9), is ripe for the Court's resolution.[2]

---

[2] Before proceeding to the factual background in this matter, the Court notes that, according to Defendant BBL Fleet's motion to dismiss and supporting brief, *see, e.g.,* (Docs. 5 at 2 n.1; 8 at 3 n.2), Plaintiff filed a second amended complaint in the York County action *after* Defendant CentiMark had removed the action to this Court. However, because Plaintiff did not file a second amended complaint in this Court, any argument seemingly related to a second amended complaint filed in the York County action will not be addressed. *See, e.g.,* (Doc. 9 (containing Plaintiff's response to Defendant BBL Fleet's motion to dismiss, wherein Plaintiff discusses a second plaintiff (*i.e.,* Nicole Robbins), an additional claim (*i.e.,* loss of consortium), and argument not relevant to the pending motion to dismiss (*i.e.,* argument concerning recklessness and punitive damages)).

### B. Factual Background

The Court sets forth the factual background of this matter as it is relevant to the resolution of Defendant BBL Fleet's motion to dismiss Count IV in Plaintiff's amended complaint. Further, the Court derives that factual background from the allegations set forth in Plaintiff's amended complaint. More specifically, Plaintiff alleges that, on January 5, 2022, at approximately 5:23 p.m., Defendant Robbins, while under the influence of alcohol, negligently and recklessly operated his motor vehicle on Interstate 83 in York County, Pennsylvania, and struck Plaintiff's vehicle, causing Plaintiff various injuries and damages. (*Id.* ¶¶ 5–8, 11–13, 15–19); *see also* (*id.* ¶ 12 (alleging, *inter alia*, that Defendant Robbins was later sentenced to "11 months and 15 days to 23 months for Aggravated Assault by Vehicle While DUI and 1 year and 6 months to 7 years for DUI: Highest Rate of Alc. (BAC .16+) 3rd offense")).

In addition, Plaintiff asserts that, on the day of the accident, Defendant Robins was employed by, and was in the course and scope of his duties for his employer, Defendant CentiMark. (*Id.* ¶¶ 24–26.) Plaintiff also asserts that Defendant BBL Fleet owned and supplied the vehicle—that was operated by Defendant Robbins on the day of the

accident—to Defendant CentiMark. (*Id.* ¶¶ 32–33.) In support of this latter assertion, Plaintiff alleges that: Defendant BBL Fleet had entered into an agreement with Defendant CentiMark to lease numerous vehicles to Defendant CentiMark; Defendant BBL Fleet negligently entrusted their vehicles to Defendant Centimark without ascertaining who would be operating their vehicles; and Defendant BBL Fleet breached their agreement by failing to institute a policy of oversight into who would be operating their leased vehicles. (*Id.* ¶¶ 34–37.)

In connection with these allegations, Plaintiff asserts four counts in his amended complaint: Count I, a negligence claim against Defendant Robbins; Count II, a demand for punitive damages against Defendant Robbins; Count III, a negligent entrustment claim against Defendant CentiMark; and Count IV, a negligent entrustment claim against Defendant BBL Fleet. (*Id.* ¶¶ 14–31.) For relief, Plaintiff seeks, *inter alia*, monetary damages. (*Id.* at 6–11.)

## III.   <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading

6

standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for

> relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

## IV. Discussion

Defendant BBL Fleet has filed a motion to dismiss Count IV of Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 5.) Count IV, as mentioned *supra*, sets forth a claim for negligent entrustment against Defendant BBL Fleet—who owned and leased the vehicle to Defendant CentiMark that was ultimately operated by Defendant Robbins on the day of the accident—based upon Defendant BBL Fleet's failure to ascertain who would be operating the vehicles leased to Defendant CentiMark, and based upon Defendant BBL Fleet's failure to institute a policy of oversight as to the operators of their leased vehicles to Defendant CentiMark. (Doc. 2-1 ¶¶ 32–37.) In moving for dismissal of Count IV, Defendant BBL Fleet argues, essentially, that neither of these asserted allegations, whether considered individually or collectively, support a claim for negligent entrustment against BBL Fleet under Pennsylvania law.[3] (Docs. 5, 8.)

---

[3] The Court presides over this action pursuant to diversity jurisdiction. As such, the Court must apply the substantive law of Pennsylvania. *See*

Plaintiff, on the other hand, argues that his amended complaint has pled facts sufficient to state a claim for negligent entrustment. (Doc. 9.)[4] In addition, Plaintiff argues that discovery has not yet commenced and that, therefore, he "does not know whether the corporate defendants cooperated with one another in determining who should be driving their vehicles." (*Id.* at 6.)[5] As such, Plaintiff contends that, "[t]o dismiss this claim against BBL Fleet this early in the litigation risks letting a responsible defendant out of a case before discovery." (*Id.*)

The Court, having reviewed Plaintiff's allegations, the parties' arguments, and relevant authority, finds that Plaintiff's amended

---

*Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 474 (3d Cir. 2001).

[4] Plaintiff's response to Defendant BBL Fleet's motion to dismiss appears to discuss his second amended complaint referenced by Defendant BBL Fleet in its filings. (Doc. 9 at 5–6 (containing Plaintiff's response, wherein he states that "his second amended complaint" has made a "prima facie showing that BBL Fleet knew or should have known that Defendant Robbins had a history of drunk driving and that a search of his driving record would have shown that").) As noted *supra*, however, Plaintiff has not filed a second amended complaint in this Court, and, as such, the operative pleading in the matter *sub judice* is his amended complaint. The Court will, therefore, consider only the allegations of his amended complaint.

[5] The Court issued a Case Management Order on June 18, 2024, setting a close of fact discovery deadline for December 31, 2024. Thus, the discovery period is underway.

complaint fails to state a claim for negligent entrustment. As an initial starting point, both Defendant BBL Fleet and Plaintiff agree that Pennsylvania follows Section 308 of the Restatement (Second) of Torts with regard to claims for negligent entrustment. *See, e.g.*, (Docs. 8 at 7; 9 at 5). Section 308 provides:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308; *see also Christiansen v. Silfies*, 667 A.2d 396, 400 (Pa. Super. Ct. 1995) (providing that the tort of negligent entrustment is set forth in Section 308 of the Restatement (Second) of Torts).

"Accordingly, to prevail on a negligent entrustment claim in [this] context, a plaintiff must show that the defendant "(1) permitted [a third party], (2) to operate its [automobile], and (3) that [the defendant] knew or should have known that [the third party] intended to or was likely to use the [automobile] in such a way that would harm another." *Schneider Nat'l Carriers, Inc. v. Syed*, No. 17-CV-02383, 2019 WL 183905, at *3 (M.D. Pa. Jan. 14, 2019) (footnote, citations, and internal quotation

marks omitted); *Simpson v. Buchanan*, No. 20-CV-02583, 2020 WL 4504444, at *2 (E.D. Pa. Aug. 5, 2020) (setting forth the same three elements); *Whetstone v. Malone Bussing Servs.*, 19-CV-00071, 2019 WL 1459022, at *3 (W.D. Pa. Apr. 2, 2019) (same). Particularly relevant here, the third element of a negligent entrustment claim "may be satisfied by showing that the defendant knew or should have known that the entrusted driver was an incompetent driver or was intoxicated." *Schneider*, 2019 WL 183905, at * 3 (citations omitted).

Additionally, Pennsylvania courts have found that a lessor of a motor vehicle will generally not be held liable for the negligence of a lessee while operating the vehicle. *See Jahn v. O'Neill*, 475 A.2d 837, 838 (Pa. Super. Ct. 1984) (citing, *inter alia*, *Littles v. Avis Rent-A-Car System*, 248 A.2d 837 (Pa. 1969); *Turley v. Kotter*, 398 A.2d 699 (Pa. Super. Ct. 1979)). A lessor may be held liable, however, for his own negligence in leasing the motor vehicle for use by a person whom the lessor knows, or has reason to know, is incompetent. *Roebuck v. Bensing*, No. 97-CV-5285, 97-CV-7244, 1999 WL 124462, at *7 (E.D. Pa. Feb. 8, 1999) (citing *Jahn*, 475 A.2d at 838)).

That said, "Pennsylvania courts have not found an authoritative duty to investigate driver records owed by a lessor, unless the lessor affirmatively assumes responsibility from the lessee. Barring assumption, any duty to investigate the background of hired drivers remains with the lessee." *Knecht v. Balanescu*, 16-CV-00549, 2017 WL 4573796, at *11 (M.D. Pa. Oct. 13, 2017); *see also Roebuck*, 1999 WL 124462, at *7 (granting summary judgment in favor of the lessor, where the employee of the lessee was involved in an accident resulting in the death of a third party, and reasoning that the lessor had no responsibility regarding the credentials of the lessee's drivers per the terms of the parties' lease agreement).

Guided by this authority, the Court finds that Plaintiff's amended complaint fails to state a claim for negligent entrustment against Defendant BBL Fleet under Pennsylvania law. As discussed *supra*, Plaintiff's amended complaint broadly alleges that, in connection with Defendant BBL Fleet's agreement to lease vehicles to Defendant CentiMark, Defendant BBL Fleet "negligently entrusted their vehicles to [Defendant CentiMark] without ascertaining who would be operating the vehicles," and "breached their agreement by failing to institute a policy

13

of oversight into who would be operating their leased vehicles." (Doc. 2-1 at 10–11.)

While Plaintiff's amended complaint references an agreement between Defendant BBL Fleet and Defendant CentiMark (the "Agreement"), as well as an alleged breach thereof, Plaintiff's amended complaint has not set forth any language from the Agreement or attached the Agreement to his amended complaint. *See* (Doc. 2 through 2-3). As such, the Court does not have the benefit of reviewing the Agreement, or any language from the Agreement, in connection with its determination of Defendant BBL Fleet's motion to dismiss.

Thus, in reviewing the allegations in Plaintiff's amended complaint, the Court finds that Plaintiff has neither alleged facts to plausibly suggest that, per the Agreement, Defendant BBL Fleet had assumed responsibility from Defendant CentiMark to ascertain or investigate who would be operating its vehicles, nor alleged facts to plausibly show that Defendant BBL Fleet knew or should have known that Defendant Robbins intended or was likely to use its vehicle in a way that would create an unreasonable risk of harm to another.

14

Accordingly, the Court will grant Defendant BBL Fleet's motion to dismiss Plaintiff's negligent entrustment claim for failure to state a claim upon which relief can be granted. Although Defendant BBL Fleet seeks dismissal of Count IV with prejudice (Docs. 5, 8), and although Plaintiff has not requested leave to amend, because the Court concludes that amendment of Count IV is not clearly futile, the Court will grant Plaintiff leave to amend his pleading.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant BBL Fleet's motion to dismiss Count IV in Plaintiff's amended complaint (Doc. 5), and the Court will dismiss Plaintiff's negligent entrustment claim, as set forth in Count IV against Defendant BBL Fleet. In addition, the Court will grant Plaintiff leave to amend his pleading.

An appropriate order follows.

Dated: August 30, 2024

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge