IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GORDON, et al., | : Civ. No. 1:23-CV-2149 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| KYLE ROBBINS, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION

I. Introduction

This personal injury action was initially filed in the Court of Common Pleas of York County and removed by the defendants to this court in December of 2023. (Doc. 1). One of the defendants, BBL Fleet Company ("BBL Fleet"), filed a motion to dismiss the plaintiffs' negligent entrustment claim against it. (Doc. 5). We granted the defendant's motion and dismissed the negligent entrustment claim, but we permitted the plaintiffs to file an amended complaint. (Docs. 20, 21). The plaintiffs filed an amended complaint on September 6, 2024, which is currently the operative pleading. (Doc. 22).

BBL Fleet has now filed a motion to dismiss Counts IV and V of the plaintiffs' amended complaint. (Doc. 26). Count IV asserts a negligent

entrustment claim against BBL Fleet, and Count V asserts a loss of consortium claim against the defendant on behalf of Nicole Gordon. (*See* Doc. 22). The plaintiffs failed to respond to the motion to dismiss, and on November 1, 2024, we directed the plaintiffs to file their response on or before November 15, 2024. (Doc. 32). No response was ever filed.

Accordingly, because the plaintiffs have failed to file a response to the defendant's motion or respond to our court order directing their response, we will now deem this motion unopposed and grant BBL Fleet's motion to dismiss the claims against it.

II. Discussion

    A. Under this Court's Local Rules, the Motion will be Deemed Unopposed.

The Local Rules of this court provide that a party opposing a motion to dismiss must respond to the motion and "file a brief in opposition within fourteen (14) days after service of the movant's brief. . ." Local Rule 7.6. Rule 7.6 further admonishes that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." *Id.* It is well established that courts may grant a motion to dismiss under Rule 7.6 "if a party fails to comply with the [R]ule after a specific direction to

comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

In this case, the plaintiffs have failed to comply with Rule 7.6 and this court's Standing Practice Order because they have not filed a timely response to the instant motion. This procedural default compels us to consider "a basic truth: we must remain mindful of the fact that 'the Federal Rules are meant to be applied in such a way as to promote justice.'" *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)). Thus, we must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules.

Here, because the plaintiffs have failed to respond to the motion to dismiss, under Rule 7.6 we will now deem the motion unopposed.

B. Dismissal Under Rule 41 is Warranted.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders. Fed. R. Civ. P. 41(b). Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d

Cir. 2002) (citations omitted). The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

In making this determination, "no single *Poulis* factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

4

In this case, an analysis of the *Poulis* factors leads us to conclude that this case should be dismissed. Consideration of the first factor—the party's personal responsibility—indicates that the delays are entirely attributable to the plaintiffs, who have failed to abide by our order and respond to the instant motion.

The second factor—prejudice to the adversary—also weighs heavily in favor of dismissal. This factor is entitled to great weight, since the Third Circuit has explained:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.

*Briscoe*, 538 F.3d at 259-60. Here, the defendant is plainly prejudiced by the plaintiffs' failure to comply with court orders, and we find that this factor weighs in favor of dismissal. *See e.g., Tillio v. Mendelsohn*, 256 F.

5

App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

Considering the history of dilatoriness on the plaintiff's part, it is clear that dismissal of these claims is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted). In the instant case, it is undisputed that the plaintiffs have failed to file a response to the motion despite being granted an extension of time in which to do so.

We further conclude that the fourth factor—whether the conduct of the party was willful or in bad faith—weighs in favor of dismissal. With respect to this factor, we must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving

6

behavior," or a product of mere inadvertence or negligence. *Adams*, 29 F.3d at 875. Here, where the plaintiffs have failed to comply with our instructions directing them to take action, we are compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for our instructions and for this case.

We are also to consider the meritoriousness of the plaintiffs' claim. However, we find that consideration of this factor cannot save the plaintiffs' claims, as they have been wholly noncompliant with their obligations as litigants. The plaintiffs may not refuse to address the merits of their claims and then assert the untested merits as grounds for denying a motion to dismiss their claims. As we have explained, no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed. *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373. Accordingly, in our view, the untested merits of the plaintiffs' claims, standing alone, cannot prevent the dismissal of those claims.

More fundamentally, however, we conclude that the allegations in the second amended complaint fail to state a claim for negligent entrustment under Pennsylvania law. Much like the plaintiffs' initial

7

complaint, which we concluded failed to state a claim against BBL Fleet for negligent entrustment, the amended complaint similarly alleges in a conclusory fashion that BBL Fleet "negligently entrusted their vehicles to Centimark Corporation without ascertaining who would be operating their vehicles." (Doc. 22 ¶ 36). Additionally, the plaintiffs assert that BBL Fleet "fail[ed] to institute a policy of oversight into who would be operating their leased vehicles." (*Id.* ¶ 38). These are essentially the same allegations that we concluded failed to state a claim for negligent entrustment against BBL Fleet. (*See* Doc. 20 at 13-14).

Accordingly, we conclude that the plaintiffs' second amended complaint fares no better than their prior complaint, in that the second amended complaint fails to state a negligent entrustment claim against BBL Fleet. Additionally, because the loss of consortium claim against BBL Fleet is derivative of the negligent entrustment claim against it, this claim also fails as a matter of law. *See Kline v. Zimmer Holdings, Inc.*, 662 F. App'x 121, 121 n.1 (3d Cir. 2016) (dismissing a loss of consortium claim when all other claims failed).

8

## III. Conclusion

For the foregoing reasons, the motion to dismiss (Doc. 26) will be GRANTED, and the claims in the second amended complaint against BBL Fleet (Counts IV, V) will be DISMISSED WITH PREJUDICE.

An appropriate order follows.

Dated: December 2, 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge